No. 893

HAAS v. PHILLIPS.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3055. Decided Oct. 3, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

257. COMMISSION—225. Charge of Court —Where pleadings make issue of contract between seller and agent, error for court to charge that if seller ratified agent's act in procuring purchaser, he would be liable for usual commission.

Error to Trial Court.

Judgment reversed.

Earl F. Westerfield, Cincinnati, for Haas.

Amos P. Foster and Max Rafalo, Cincinnati, for Phillips.

FULL TEXT.

PER CURIAM.

Phillips prosecuted an action against Haas to recover a commission on the sale of real estate. The petition states a cause of action in a contract, and adds: "Pursuant to said contract, this plaintiff did procure a purchaser for said property and through his efforts, a sale was made, said property being sold for the sum if twenty thousand dollars ($20,000)," and asks for a commission of eight hundred ($800.00) dollars.

The answer denied this contract.

The evidence is in dispute as to whether Phillips was to produce a purchaser ready, able, and willing to purchase for $20,000.00; or, whether he was to sell the property and Haas was to receive $20,000.00 net; any commission to be in addition to the $20,000.00.

The Court in its charge misstated the issue. The Court stated that if Haas adopted and ratified plaintiff's act in procuring a purchaser, he would be liable to plaintiff for the usual commission that is paid in such cases, and then submits to the jury: "Was Phillips the procuring cause of the sale of this property?"

The issue made by the pleadings was. what was the contract between the parties, if any.

The trial court also erred in giving special

charges requested by the plaintiff since they contained the objectionable features above discussed as to the contract.

For error in misstating the issue, and giving the special charges, the judgment of the Court below will be reversed, and the cause remanded for a new trial.

(Hamilton, PJ., and Cushing, J., concur.)